# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RUFUS WEST,**

                      Plaintiff,

v.                                       **Case No. 17-cv-482-pp**

**JOHN KIND, SCOTT ECKSTEIN,
PETE ERICKSEN, BRIAN FOSTER,
SARAH COOPER, BRAD HOMPE,
CINDY O'DONNELL, AND JOHN
AND JANE DOE,**

                      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO HAVE FILING FEE PAID FROM RELEASE ACCOUNT (DKT. NO. 2)

---

The plaintiff is a Wisconsin state prisoner representing himself. He filed a civil rights complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. The plaintiff has also filed a motion to pay the filing fee from his release account. Dkt. No. 2. He states that he has enough money in his release account to pay the fee, but that he does not have funds in his regular account to pay the fee. Id. The plaintiff did not file an institution trust account statement along with his request.

A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence. Wis. Adm. Code §DOC 309.466. While the court may order disbursement from the release account for payment of the

1

initial partial filing fee when a prisoner files a petition for leave to proceed without prepayment of the filing fee (*in forma pauperis*), the Prison Litigation Reform Act does not require the court to invade that account for payment of the balance. See 28 U.S.C. §1915(b)(2) (The balance of payments, after the initial payment, is to equal "twenty percent of the preceding month's income credited to the prisoner's account."). "Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." Wilson v. Anderson, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (quoting Carter v. Bennett, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005); see also Doty v. Doyle, 182 F. Supp. 2d 750 (E.D. Wis. 2002).

According to the Department of Corrections website, the plaintiff's mandatory release/extended supervision date is March 5, 2019. Based on the rationale for segregating funds into a release account, the plaintiff's failure to submit his trust account statement along with his motion, the fact that the plaintiff's release date is in less than two years, and absent federal statutory authority compelling the court to grant the plaintiff's request, the court declines to order the plaintiff's institution to withdraw the full filing fee from his release account.

The court **DENIES** the plaintiff's motion for order to have filing fee paid from release account. Dkt. No. 2.

Dated at Milwaukee, Wisconsin this 18th day of April, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge