UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUFUS WEST,

                Plaintiff,

v.                                             Case No. 17-cv-482-pp

JOHN KIND, WARDEN SCOTT ECKSTEIN,
BRAD HOMPE, CINDY O'DONNELL,
and ISAAC BUHLE,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (DKT. NO. 19)**

---

Plaintiff Rufus West is a prisoner representing himself. On July 31, 2018, the court screened his amended complaint and allowed the plaintiff to proceed on a claim that defendants Buhle, Kind and Eckstein violated his right to freely exercise his religion by subjecting him to pressure to violate his beliefs by submitting to a strip-search in front of, or by, an allegedly female officer. Dkt. No. 16 at 7. The court also permitted the plaintiff to proceed a Religious Land Use and Institutionalized Persons Act claim based on allegations that Buhle, Kind and Eckstein imposed a substantial burden of his First Amendment free exercise rights and that there was no compelling interest in having Buhle search him or observe the search. Id. Finally, the court allowed the plaintiff to proceed claims against defendants Hompe and O'Donnell for allegedly failing to intervene in the violation of the plaintiff's rights. Id. at 10-11.

1

The plaintiff has asked to file a second amended complaint. Dkt. No. 19, 19-1. He states that his second amended complaint removes the John and Jane Doe defendants, whom the court dismissed in its order screening the amended complaint, and that it adds the specific Wisconsin Department of Corrections rules and policies that the defendants violated, DOC 306.17(2) ("Except in emergencies, a person of the same sex as the inmate being searched shall conduct the strip search."). Dkt. No. 19. The court did not permit the plaintiff to proceed on any claims that the defendants violated DOC rules or policies because he did not say which ones they violated. Dkt. No. 16 at 10.

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ.P. 15(a)(2); Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012); Johnson v. Cypress Hill, 641 F.3d 867, 871–72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009); Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

The plaintiff does not need to file an amended complaint to take out the defendants that the court already has dismissed. To the extent that the plaintiff wants to proceed on a separate claim based on an alleged violation of Wis. Admin. Code §DOC 306.17, the court will not allow him to do so. The general rule is that a statute or administrative rule cannot form the basis for a private right of action to impose civil liability on anyone who violates it unless there is "a clear indication of the [drafter's] intent to create such a right." Grube v. Daun, 210 Wis. 2d 681, 689, 563 N.W.2d 523 (1997) (discussing the formation of a private right of action in the context of a statute). The Department of Corrections adopted Chapter 306 of the Wisconsin Administrative Code "for the purposes of establishing security standards and practices at state correctional institutions." Wis. Admin. Code §DOC 306.01. Without a clear indication of a private right of action, the court may not permit the plaintiff to pursue a supplemental state law claim based on a violation of the code provision. And a violation of an administrative code provision does not form the basis for federal relief. Kompare v. Stein, 801 F.2d 883, 888 (7th Cir. 1986). Section 1983 addresses violations of federal law and the United States Constitution; it is not a means to address violations of state procedures. See Sandin v. Conner, 515 U.S. 472, 478-83 (1995); Gomez v. Toledo, 446 U.S. 635, 640 (1980).

It would be futile and inefficient for the court to grant the plaintiff's motion to amend the complaint because it would not change the claims upon which the court allowed him to proceed when it screened the amended complaint. The court will deny the motion.

The defendants filed an answer to the amended complaint on September 28, 2018. The court will enter a scheduling order at the same time it enters this order.

The court **DENIES** the plaintiff's motion to file second amended complaint. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**