UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUFUS WEST,

                Plaintiff,

v.                                                              Case No. 17-cv-482-pp

JOHN KIND, WARDEN SCOTT ECKSTEIN,
BRAD HOMPE, CINDY O'DONNELL,
and ISAAC BUHLE,

                Defendants.

---

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO COURT'S ORDER FOR INJUNCTIVE RELIEF (DKT. NO. 100)

---

      The Court of Appeals for the Seventh Circuit remanded this case and ordered that this district court should enter appropriate injunctive relief on the plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§2000cc, *et seq.*, in which the plaintiff sought an injunction exempting him from cross-sex strip searches conducted by a male transgender officer who is a biological female. West v. Radtke, 48 F.4th 836, 840, 842, 852.[1] This court ordered the parties to submit a joint proposal for the language of a RLUIPA injunctive order and stated that, if they were unable to

---

[1] The court of appeals also remanded the case regarding the plaintiff's Fourth Amendment claim. West, 48 F.4th at 840. At screening, this court did not allow the plaintiff to proceed on a claim under the Fourth Amendment based on circuit precedent holding that an incarcerated individual has no Fourth Amendment interest against visual inspections of the body. Id. The court of appeals' decision in Henry v. Hulett, 969 F.3d 769 (7th Cir. 2020) (*en banc*) overruled that precedent. In this case, the defendants have filed a motion for judgment on the pleadings regarding the plaintiff's Fourth Amendment claim. Dkt. No. 104. The court will address that motion in a separate order.

1

reach an agreement on the language of that order, each could file their own proposed language. Dkt. No. 86. The parties filed separate proposed orders for the court's review. Dkt. Nos. 90, 91. Based on the court of appeals' opinion, the applicable law and the parties' submissions, the court entered the following order for injunctive relief:

> The court **ORDERS** that the State of Wisconsin Department of Corrections ("DOC") is **ENJOINED** from requiring or permitting DOC employees or other authorized persons who are not of the male gender based on their biological characteristics at birth to conduct or observe strip searches (as defined by Wisconsin Division of Adult Institutions Policy #306.17.02 p.2 (dated Mar. 26, 2015, effective May 1, 2015)) of Rufus West (also known as "Muslim Mansa Lutalo Iyapo"), except in exigent circumstances (see Wis. Div. of Adult Insts. Policy #306.17.02(III)(A) p.4 (dated Mar. 26, 2015, effective May 1, 2015)). This order applies to any DOC institution where Rufus West is incarcerated.

Dkt. No. 94 at 2. The court gave the parties time to file objections to that order. Dkt. No. 95.

The plaintiff filed an objection in which he contends that the language "except in exigent circumstances" should be removed from the order because it leaves determination of what is an exigent circumstance to the discretion of the DOC officers, staff and others in charge of conducting any future strip searches of the plaintiff. Dkt. No. 100 at 1-2. The plaintiff cites the definition of "exigent circumstances" as provided in the Division of Adult Institution ("DAI") policy, which is, "Temporary and unforeseen circumstances that require immediate action in order to combat a threat to the security or institutional order of a facility." Id. (citing DAI Policy #306:17.02 (Definitions)). According to the plaintiff, while the DAI policy does allow an exigent circumstances exception in

2

other situations, the likelihood of urgency, driven by the "threat to the security or institutional order of a facility," "seems very low in the case of the need to conduct a strip search by a person who is prohibited from doing so by the remainder of the Court's proposed order." Id. The plaintiff also contends that the exception for exigent circumstances is not necessary or permitted under RLUIPA. Id. at 4. He maintains that the Supreme Court's analysis in Holt v. Hobbs, 574 U.S. 352 (2015), requires that "while an injunction in a case involving prison regulations must be narrowly construed in favor of the institution under the PLRA, because the regulation and procedure at issue involves impact on a person's exercise of religion, the injunction cannot be so narrow as to conflict with the requirements of RLUIPA." Id. at 4-5. According to the plaintiff, an exception is not necessary because of "the obviously low likelihood of an urgency of such a degree that a male staff person could not be located to conduct a strip search of [the plaintiff], even in a situation where there was a genuine threat to the security or order of the facility." Id. at 5. In the alternative, he states that even if an exception for exigent circumstances is necessary, the court's order should be more narrowly drawn to avoid unwarranted infringement of his religious exercise in accordance with Holt. Id.

The defendants respond that removing the exigent circumstances exception would give the plaintiff greater protection than what RLUIPA requires and would violate the Prison Litigation Reform Act (PLRA). Dkt. No. 103 at 2. According to the defendants, the exigent circumstances exception provides the least restrictive means to further the prison's compelling interest in

3

maintaining security and order because it requires the plaintiff to submit to a strip search by a transgender man only if there are temporary and unforeseen circumstances which require a transgender man to strip search the plaintiff to combat a threat to security or order. Id. at 2. They argue that the exception is narrow and that it should arise only if there is no other person available to do the strip search and the security issue is both sudden and time sensitive. Id. According to the defendants, it is unfeasible and unnecessary to craft new language (as the plaintiff suggests) because the definition of exigent circumstances found in DAI policy already provides proper limitations. Id. at 3. The defendants also contend that the PLRA requires an exigent circumstances exception and that removing the language would be contrary to the plain language of the PLRA because it would "extend the injunctive relief further than necessary to correct the violation of RLUIPA by completely ignoring the prison's compelling security interests" and "remove all consideration for public safety or the operation of a criminal justice system." Id. at 4.

In reply, the plaintiff contends that the language of the definition of "exigent circumstances" is too broad and is susceptible to misapplication regarding searches conducted of the plaintiff. Dkt. No. 108 at 2. He states that inherent susceptibility argues for two things in this case: (1) if there is to be an exception for certain exigent circumstances, searches under the exception should be documented; and (2) if there must be an exception, the language of the current definition must be modified so as to minimize the chance for infringement of the primary purpose of the court's injunction order and the

4

RLUIPA. Id. The plaintiff states that the defendants should suggest new language. Id. at 3. He also asserts that while his position remains that there is no need for an exception, using modified language that would allow a prohibited strip search in, for example, a "genuine emergency" or even an "emergency," would appear to be a narrower range of circumstances than the language a "threat to the security or institutional order of a facility." Id.

The Prison Litigation Reform Act provides: "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. §3626(a)(1)(A). See Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012) (quoting 18 U.S.C. §3626(a)(1)(A)); see also Rasho v. Jeffreys, 22 F.4th 703 (7th Cir. 2022).

In this case, Holt does not support the plaintiff's argument that the court's injunction order should not contain an exigent circumstances exception. According to the plaintiff, the Court in Holt "does make clear that when the free exercise of religion of a person who is in confinement is at stake, the rule, or in this case, an exception to an injunction order, must be quite narrow and 'customized' to the particular person and context." Dkt. No. 108 at 4-5. In Holt, the Court held that the Arkansas Department of Corrections' grooming policy violated RLUIPA insofar as it prevented an incarcerated individual from growing a 1/2-inch beard in accordance with his religious beliefs. Holt, 574 U.S. at 369-70. The Court reasoned that while the

5

Department had compelling security interests regarding the flow of contraband into the institution as well as the appearance and potential disguise of incarcerated individuals, the Department had not proven that its beard policy sufficiently served those interests. Id. at 366-67.

RLUIPA prohibits a prison from substantially burdening an incarcerated individual's religious exercise unless doing so is the least restrictive means to further a compelling governmental interest. In this case, the plaintiff already has won on his claim that allowing a transgender male (biological female) to participate in his strip search violates his rights under RLUIPA because it substantially burdens the practice of his religion, and the DOC does not have a compelling interest under Title VII or the Equal Protection Clause to refuse to accommodate the plaintiff's religious practice. The court's injunction order states that the DOC cannot allow any DOC employee or authorized person who is not of the male gender based on their biological characteristics at birth to strip search the plaintiff, *except in exigent circumstances*. Under RLUIPA, while DOC policy does not permit female employees to conduct strip searches of incarcerated individuals (or observe them), a prison must have the discretion to allow a female employee to strip search a male incarcerated individual if exigent circumstances exist. See West, 48 F.4th at 848 (quoting Cutter v. Wilkinson, 544 U.S. 709, 722 (2005) ("We do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety.").

RLUIPA was enacted with the anticipation that courts would apply its standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and disciple, consistent with consideration of costs and limited resources." Cutter, 544 U.S. at 722. In its opinion remanding this case, the court of appeals stated,

> Accommodating [the plaintiff's] request for an exemption from cross-sex strip searches is substantially related to the important governmental objective of respecting the RLUIPA and constitutional-privacy rights of prison inmates. *Indeed, the prison already prohibits female guards from strip-searching male prisoners except in exigent circumstances. If that is constitutionally permissible – and it is – so too is [the plaintiff's] requested accommodation.*

West, 48 F.th at 852 (emphasis added). The court of appeals also referenced the current DAI policy, which "specifically prohibits 'cross gender' strip searches 'except in exigent circumstances.'" Id. at 841 (quoting Wis. Div. of Adult Insts. Policy #306.17.02(III)(A)).[2] The plaintiff has not demonstrated that the court's injunction order violates RLUIPA.

The court agrees with the plaintiff that it is unlikely that circumstances would arise in which a male staff member would not be available to conduct a strip search on the plaintiff. But it does not follow that an exigent circumstances exception should not be written into the order for injunctive relief, which tracks DAI policy and DOC regulation. The plaintiff has not shown

---

[2] In addition, a DOC regulation provides that "[e]xcept in emergencies, a person of the same sex as the inmate being searched shall conduct [a] strip search." Wis. Admin. Code §DOC 306.17(2)(b) (June 2018).

7

that RLUIPA is violated by the exigent circumstances exception in the court's order for injunctive relief.[3]

On May 31, 2024, the defendants filed a motion to dismiss the plaintiff's injunctive relief claims due to the plaintiff's release from prison. Dkt. No. 117. The court **DENIES AS MOOT** the defendants' motion as it pertains to the RLUIPA claim. The court will address the plaintiff's Fourth Amendment claim in a separate order.

The court **OVERRULES** the plaintiff's objections to the court's order for injunctive relief. Dkt. No. 100. Having overruled the plaintiff's objections to its order for injunctive relief, the court **ORDERS** that its August 2, 2023 Order for Injunctive Relief is the court's final order on the plaintiff's RLUIPA claim. Dkt. No. 94.

Dated in Milwaukee, Wisconsin this 4th day of June, 2024

                                            **BY THE COURT:**

                                            **HON. PAMELA PEPPER**
                                            **Chief United States District Judge**

---

[3] The court recently has been made aware that the plaintiff is no longer incarcerated. In West v. Kind, No. 23-3075, 2024 WL 2271843, at *3 (7th Cir. May 20, 2024), the court of appeals ordered that the plaintiff's RLUIPA claim was moot because he was released from prison in January 2024. Id. (citing Grayson v. Schuler, 666 F.3d 450, 451 (7th Cir. 2012)). Because this court's order for injunctive relief was entered before the plaintiff was released from prison, this order considers the plaintiff's objections and finalizes the order for injunctive relief regarding his RLUIPA claim.